Tamara Carmichael
Christelette A. Hoey
Joshua Krumholz (*Admitted Pro Hac Vice*)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGER G. CRANE, JR.,<br><br>            Plaintiff,<br><br>v.<br><br>POETIC PRODUCTS LIMITED,<br><br>            Defendant.<br><br>POETIC PRODUCTS LIMITED,<br><br>            Counterclaimant,<br><br>v.<br><br>ROGER G. CRANE, JR.,<br><br>            Counterclaimant Defendant. | Case No.: 07 Civ. 7063 (BSJ)(FM) |

**FED. R. CIV. P. 56(f) DECLARATION OF CHRISTELETTE A. HOEY
IN SUPPORT OF DEFENDANT-COUNTERCLAIMANT'S MOTION TO STAY
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

**CHRISTELETTE A. HOEY** hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1.  I am an associate at the law firm Holland & Knight LLP, attorneys for defendant-counterclaimant Poetic Products Limited ("Poetic Products") in the above-captioned matter. I am fully familiar with the facts and procedural history in this matter and respectfully submit this declaration, pursuant to Fed. R. Civ. P. 56(f), in support of Poetic Products' motion to stay

Plaintiff's motion for summary judgment (the "Motion to Stay"). I make this declaration in lieu of David Yallop the author of <u>In God's Name</u> (one of the subject works at issue in this litigation) and director of Poetic Products, as Mr. Yallop is currently engaged in an overseas promotional tour for his latest book, arranged by his publishers some time ago, which has taken him on an international tour to seven countries. Due to Mr. Yallop's travel schedule and the remoteness of his location, it has not been practical for counsel to prepare or transmit a declaration for his signature or review at this time.

2. Currently pending before this Court is plaintiff Roger G. Crane, Jr.'s ("Plaintiff" or "Crane") motion for summary judgment on his declaratory-relief claim and dismissing Poetic Products' counterclaims. Crane is the author of "The Last Confession," the second subject work at issue in this litigation. This case is in its infancy. Plaintiff has just answered the counterclaims, and the Court has not yet scheduled a case-management order or status conference. As a result, Poetic Products has not been afforded the opportunity to serve any written discovery requests or to take depositions of any party or non-party. Should summary judgment be considered, Poetic Products would be prejudiced not only in litigating its own counterclaims for infringement and unfair competition against Crane, but also in its ability to fully defend against Plaintiff's summary-judgment motion.

3. Poetic Products believes, at minimum, fact discovery, and maybe expert discovery as well, is necessary to defend Plaintiff's declaratory-relief action, to support its counterclaims, and to fully defend Plaintiff's motion for summary judgment. Below, is a sampling of discovery topics that Poetic Products will seek during discovery that are relevant to the merits of this dispute.

4.  Upon information and belief, Plaintiff authored his infringing work in the U.S. As such, Poetic Products is entitled to discovery of the exact nature, extent, and circumstances surrounding Plaintiff's authorship and should not have to rely upon Plaintiff's declaration alone, without a deposition and discovery to verify veracity of the same.

5.  Plaintiff has stated he has taken steps to commercialize his infringing play in the U.S. Thus, Poetic Products is entitled to discovery surrounding the nature and extent of Plaintiff's infringing acts.

6.  Plaintiff admits reading <u>In God's Name</u> (the "Work") and copying certain passages therefrom. Yet, Plaintiff avers such copying was not substantial. As such, Poetic Products has the right to depose Crane as to the nature and extent of his use of the Work. Crane's declaration of non-infringement simply does not suffice, in particular, without the opportunity to cross-examine him with respect thereto.

7.  Poetic Products is entitled to discovery of and information regarding Plaintiff's notes. Such notes are crucial because they may show whether and to what extent he used the Work as a source. Such a showing, however, requires discovery before Poetic Products can adequately defend this action and support its counterclaims. Poetic Products should not be required to rely upon Crane's summary-judgment declaration without the right to depose him with respect to his claims and to independently verify all documents and information that support those claims.

8.  In the opening lines of the attachment to DLA Piper's letter, attached as Exhibit C of Plaintiff's summary judgment declaration, it states: "Mr. Crane conducted extensive research which included general reading of books, newspaper articles, internet articles and Benelli's obituary. Consequently, 'The Last Confession' is an amalgamation of information from a very large number of sources." Poetic Products is entitled to discovery regarding that research and to

verify same through discovery, and to take discovery with regard to inconsistent statements otherwise made, if any.

9.  The Evening Standard article, attached to Poetic Products' counterclaims, reports on an interview with David Suchet – the lead actor in "The Last Confession" – who is quoted in the article as stating that "I first got involved with the play some five years ago, and spent some time working on the script with Robert (sic) Crane." The article states that "'The Last Confession' is based on David Yallop's book In God's Name." Poetic Products should be entitled to depose Mr. Suchet, and anyone else, who assisted with drafting the script to Crane's play, as doing so may lead to discoverable information relevant to Poetic Products' defenses to this action and support of its counterclaims.

10. Crane denies the statement in the Evening Standard article that the play was based upon In God's Name. Another important avenue to determine if there is any truth to Crane's statement is to seek discovery from the article's author, as she will be able to provide both parties with a clearer picture as to where she got the information that the play was or was not based upon In God's Name.

11. Poetic Products is entitled to discovery with respect to any co-authorship or joint authorship of "The Last Confession" and the sources for any information related thereto.

12. Poetic Products is entitled to discovery regarding the full extent of infringement and the damages related thereto.

13. Poetic Products is entitled to discovery of Plaintiff's assertions regarding the detail of the nature, extent, and circumstances of his review of the Work.

14. Poetic Products is entitled to discovery of the full extent of unfair competition and the damages related thereto, as proof of this allegation is highly factual and requires information with respect to the effects on the marketplace.

15. Failure to take discovery would also prevent Poetic Products from being able to prove its affirmative defenses to Plaintiff's action.

16. Poetic Products should be afforded the opportunity to prove that Plaintiff's complaint fails to state a claim upon which relief can be granted and that Crane fails to state his claims with particularity, thereby barring Poetic Products from ascertaining the true and factual nature of Crane's claims and depriving Poetic Products from defending against the complaint.

17. Similarly, Poetic Products needs discovery in order to show that Crane's claims are barred by the doctrine of unclean hands and by the doctrine of estoppel.

18. Lastly, discovery may help confirm that Plaintiff's complaint fails to allege a justiciable case and controversy as required by the Declaratory Judgment Act.

19. If, as Poetic Products expects, fact discovery determines Plaintiff's work does indeed infringe the Work, then not only would Crane's motion for summary judgment warrant denial, but Poetic Products would also be entitled to a judgment in its favor. It is for this reason that this Motion to Stay should be granted and the parties be permitted to proceed with discovery as permitted by Fed. R. Civ. P. 26.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on November 28, 2007

_____
CHRISTELETTE A. HOEY

# 4965319_v3