Tamara Carmichael
Christelette A. Hoey
Joshua Krumholz (*Admitted Pro Hac Vice*)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROGER G. CRANE, JR.,

        Plaintiff,

v.

POETIC PRODUCTS LIMITED,

        Defendant.

---

POETIC PRODUCTS LIMITED,

        Counterclaimant,

v.

ROGER G. CRANE, JR.,

        Counterclaimant Defendant.

Case No.: 07 Civ. 7063 (BSJ)(FM)

**MEMORANDUM OF LAW OF DEFENDANT–COUNTERCLAIMANT
POETIC PRODUCTS LIMITED IN SUPPORT OF ITS MOTION
<u>TO STAY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

I.   **Preliminary Statement**

Defendant-Counterclaimant Poetic Products Limited ("Poetic Products") respectfully submits this memorandum of law in support of its motion to stay plaintiff-counterclaimant-defendant Roger G. Crane, Jr.'s ("Crane" or "Plaintiff") motion for summary judgment on plaintiff's declaratory-relief claim and dismissing defendant's counterclaims (the "Motion to Stay"). For the reasons set forth below, it is premature for this Court to address, much less to grant, Plaintiff's summary-judgment motion when numerous issues of fact exist and no discovery has taken place. As such, Poetic Products requests that this Court reserve judgment on Plaintiff's motion for summary judgment pending the completion of discovery.[1]

II.   **Procedural History**

On or about August 8, 2007, Plaintiff filed an action in the United States District Court for the Southern District of New York, seeking a declaration that his play entitled "The Last Confession" does not infringe Poetic Products' copyright (or any person or entity owning rights) in the book, In God's Name (the "Work"). See Exhibit 1. On or about October 16, 2007, Poetic Products answered Plaintiff's complaint and filed a two-count counterclaim, seeking a finding that Crane's play has, in fact, infringed its U.S. copyright in the Work and that Crane's acts constitute unfair competition. See Exhibit 2. Poetic Products also sought injunctive relief to

---

[1] If and when Plaintiff's premature summary-judgment arguments are ripe, after discovery, Poetic Products reserves all rights to oppose Plaintiff's motion for summary judgment, including but not limited to, taking appropriate action in response to Plaintiff's erroneous assertion that a U.S. court has the right to decide UK copyright-infringement claims. In addition, assuming, *arguendo*, this Motion to Stay is denied, Poetic Products respectfully requests a 60-day extension of time within which it may respond to Plaintiff's motion for summary judgment. As mentioned below, Mr. Yallop is traveling abroad and is inaccessible. See n.2, infra. Moreover, due to Poetic Products' lead counsel's existing deposition-travel schedule related to another federal-litigation matter, and the upcoming Christmas holiday, counsel for Poetic Products needs the additional time to work with Mr. Yallop upon his return to attempt (without discovery) to substantively respond to the points raised in Plaintiff's motion for summary judgment.

1

restrain Crane (and those affiliated with him) from continued and future infringement of the Work and certain damages as a result of Crane's wrongdoing. See id. On or about November 13, 2007, not only did Crane answer Poetic Products' counterclaims, he also simultaneously moved for final summary judgment on his claims and defenses and dismissal of Poetic Products' counterclaims.

## III. Argument

### A. Courts Typically Disfavor Granting Summary Judgment in Copyright-Infringement Actions Because of Their Highly-Factual Nature.

Full development of the facts pertaining to a copyright-infringement case is particularly important given the highly-factual nature of such cases. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2007). As discussed in Section B, infra, the parties have not yet engaged in any such discovery. Thus, neither party has fully developed the facts relevant to supporting each of their claims in this action.

Moreover, when deciding a summary-judgment motion, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party, which in this case would be Poetic Products. See Lone Wolf McQuade Assocs. v. CBS, Inc., 961 F. Supp. 587, 591 (S.D.N.Y. 1997) (citations omitted). In the copyright context, the Court may need to consider the substantial similarity of the copyright owner's work and the allegedly-infringing work. See id. at 592 (citation omitted). "[B]ecause substantial similarity is customarily an extremely close question of fact, summary judgment has traditionally been frowned upon in copyright litigation." Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 976 (2d Cir. 1980), cert. den., 449 U.S. 841 (1980) (citation omitted). See, e.g., Lone Wolf, 961 F. Supp. at 595, 599

2

(denying parties' motions for summary judgment where disputed issues of material fact existed as to the substantial similarity of the relevant works); Repp v. Webber, 892 F. Supp. 552, 558 (S.D.N.Y. 1995) (same). Accordingly, discovery of the relevant facts is pivotal to full and fair consideration in summary-judgment proceedings.

In the present case, the exhibits attached to Crane's declaration in support of his motion for summary judgment sufficiently support the need for discovery and this Motion to Stay. While the exhibits include correspondence between the parties' respective English counsel trading volleys with respect to their belief of whether Crane has infringed Poetic Products' copyright under English law, this is a U.S. action, filed by Crane in the U.S. court system, relating to U.S. copyright law and subject to the Federal Rules of Civil Procedure. Moreover, Poetic Products' counterclaims allege that Plaintiff's play and his actions within the United States infringe Poetic Products' U.S. copyright in the Work. Many factual issues involved in this case necessitate full discovery by the parties. For example, the following non-exhaustive list of facts and information garnered from said exhibits alone mandate a stay of Plaintiff's motion for summary judgment until the completion of discovery:[2]

- Upon information and belief, Plaintiff authored his infringing work in the U.S. As such, Poetic Products is entitled to discovery of the exact nature, extent, and circumstances surrounding Plaintiff's authorship and should not have to rely upon Plaintiff's declaration alone, without a deposition and discovery to verify same.

---

[2] Poetic Products submits this partial list in lieu of a declaration from David Yallop, the author of In God's Name and director of Poetic Products, because Mr. Yallop is currently engaged in an overseas promotional tour for his latest book, arranged by his publishers some time ago, which has taken him on an international tour to seven countries. Due to the remoteness of his location and the arduous schedule of his commitments, it has not been practicable for counsel to prepare or transmit a declaration for his signature. Although these points appear on the face of the documents, and are supported by Poetic Products' Rule 56(f) Statement, should this Court request a declaration from Mr. Yallop regarding these points, Poetic Products requests it be permitted to supplement this Motion to Stay and to submit same on or before December 21, 2007, upon Mr. Yallop's return to the UK where he resides.

- Plaintiff has stated he has taken steps to commercialize his infringing play in the U.S. Thus, Poetic Products is entitled to discovery surrounding the nature and extent of Plaintiff's infringing acts.

- Crane admits reading the Work and copying certain passages therefrom. Yet, Crane avers such copying was not substantial. As such, Poetic Products has the right to depose Crane as to the extent of his use of the Work. Crane's declaration of non-infringement simply does not suffice.

- Poetic Products is entitled to discovery of and information regarding Crane's notes. These notes are crucial because they presumably show whether and to what extent Crane used the Work as a source. Such a showing, however, requires discovery before Poetic Products can adequately defend this action and support its counterclaims. Poetic Products should not be required to rely upon Crane's summary-judgment declaration without the right to depose him about his claims and to independently verify all documents and information that support those claims.

- The opening lines of the attachment to DLA Piper's letter attached as Exhibit C to Plaintiff's summary-judgment declaration, state: "Mr. Crane conducted extensive research which included general reading of books, newspaper articles, internet articles and Benelli's obituary. Consequently, 'The Last Confession' is an amalgamation of information from a very large number of sources." Poetic Products is entitled to discovery regarding that research and to verify same through discovery, and to take discovery with regard to inconsistent statements otherwise made, if any.

- The Evening Standard article, attached to Poetic Products' counterclaims, reports on an interview with David Suchet – the lead actor in "The Last Confession" - who is quoted in the article as stating that "I first got involved with the play some five years ago, and spent some time working on the script with Robert (sic) Crane." The article states that "'The Last Confession' is based on David Yallop's book In God's Name." Poetic Products should be entitled to depose Mr. Suchet, and anyone else, who assisted with drafting the script to Crane's play, as doing so may lead to discoverable information relevant to Poetic Products' defenses to this action and support of its counterclaims.

- Crane denies the statement in the Evening Standard article that the play was based upon In God's Name. Another important avenue to determine if there is any truth to Crane's statement is to seek discovery from the article's author, as she will be able to provide both parties with a clearer picture as to where she got the information that the play was or was not based upon In God's Name.

- Poetic Products is entitled to discovery with respect to any co-authorship or joint authorship of "The Last Confession" and the sources for any information related to same.

- Poetic Products is entitled to discovery regarding the full extent of infringement and the damages related thereto.

4

- Poetic Products is entitled to discovery regarding Plaintiff's assertions regarding the nature and extent of his review of In God's Name.

- Poetic Products is entitled to discovery regarding the full extent of unfair competition and the damages related thereto, as proof of this allegation is highly factual and requires information with respect to the effects on the marketplace.

Crane asks this Court to make final rulings in this case without providing Poetic Products, through complete discovery, the opportunity to fully investigate, verify, and develop the facts surrounding both parties' claims. Without adequate discovery, Poetic Products submits that it would be prejudiced and that a determination on substantial similarity and unfair competition is premature. As such, and based upon the aforementioned authorities, the Court should grant this Motion to Stay and reserve judgment on Crane's motion for summary judgment until the completion of discovery in this case.

**B.    The Court Should Stay Plaintiff's Motion for Summary Judgment as Premature Prior to Discovery.**

Plaintiff's summary-judgment motion is premature and should be stayed. To date, neither party has conducted any depositions, served any initial disclosures, or served and answered any document requests or interrogatories. Indeed, Crane possesses many of the facts Poetic Products needs to defend this action and support its counterclaims, thereby necessitating a stay of Crane's motion for summary judgment until the completion of discovery. See, e.g., Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990) (recognizing that "where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course") (citations omitted).

The Second Circuit made a ruling similar to that in Stauffer, supra, when it vacated and remanded the district court's grant of summary judgment in Peck v. Baldwinsville Sch. Bd. of Educ., 7 Fed. Appx. 74, 2001 WL 303755 (2d Cir. Mar. 28, 2001). In Peck, the court found

summary judgment to be premature because it deprived the plaintiff of the opportunity to take discovery and present evidence relevant to a motion for summary judgment.[3] See id. at 75-76, *1-2. See also Mid Atlantic Telecom, Inc. v. Long Distance Servs., Inc., 18 F.3d 260, 264 (4th Cir. 1994) (holding that material "factual uncertainties" about the plaintiff's claims precluded the district court from granting summary judgment against the plaintiff without first allowing discovery); Int'l Raw Materials, 898 F.2d at 949-50 (reversing as "premature" the district court's grant of summary judgment prior to discovery, where it was not clear that the nonmoving party could not substantiate its allegations through discovery).

Despite the fact that Plaintiff filed this action, he seeks to brush aside Poetic Products' rights to properly and fully defend Plaintiff's declaratory-relief claims and litigate Poetic Products' counterclaims before even an iota of discovery has changed hands. Without adequate discovery, Poetic Products submits that Crane's summary-judgment motion is premature. As such, the Court should grant this Motion and reserve judgment on Crane's motion for summary judgment until the completion of discovery in this case.

---

[3] The Second Circuit also vacated and remanded this Court's grant of summary judgment in favor of a copyright owner prior to the completion of discovery. In Richard Feiner & Co. v. H R Indus., Inc., 182 F.3d 901, 1999 WL 385763 (2d Cir. June 4, 1999), which cannot be cited for its precedential value pursuant to Second Circuit Local Rule § 0.23 (2007), the court held that the district court erred in granting summary judgment because the issue of copyright ownership could not be decided as a matter of law without any discovery. See id. at *4.

## **CONCLUSION**

For the foregoing reasons, Poetic Products respectfully requests that this Court grant its Motion for Stay of Plaintiff's Motion for Summary Judgment, plus any and all other relief this Court deems just and proper.

Dated: November 28, 2007    Respectfully Submitted,

HOLLAND & KNIGHT LLP

By: _____
Tamara Carmichael
Christelette Hoey
Joshua Krumholz (*Pro Hac Vice*)
195 Broadway, Floor 24
New York, New York 10007
(212) 513-3200
(212) 385-9010 (fax)

Attorneys for Defendant-Counterclaimant Poetic Products, Ltd.

# 4962849_v6

7