7 Fed.Appx. 74    Page 1
7 Fed.Appx. 74, 2001 WL 303755 (2nd Cir.(N.Y.))
(Cite as: 7 Fed.Appx. 74, 2001 WL 303755 (2nd Cir.(N.Y.)))

H
This case was not selected for publication in the Federal Reporter.

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)", UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)

United States Court of Appeals,
Second Circuit.
Antonio PECK, A Minor, by and through his parents and next friends, Jo Anne Peck and Kenley Lester Peck, Plaintiff-Appellant,
v.
BALDWINSVILLE SCHOOL BOARD OF EDUCATION, Catherine McNamara Elementary School,
Robert Creme, Individually and in his Official Capacity as Principal of
Catherine McNamara Elementary School, Theodore Gilkey, Individually, and in his
Official Capacity as Superintendent for Baldwinsville School Board of
Education, Defendants-Appellees.
**Docket No. 00-9054.**

March 28, 2001.

Parents of kindergarten student brought suit on student's behalf against school district, teacher, and school administrators, alleging that student's First Amendment free exercise and free speech rights had been violated. After defendants moved to dismiss, the United States District Court for the Northern District of New York, Norman A. Mordue, J., converted motion to one for summary judgment, and granted motion. Parents appealed. The Court of Appeals held that district court erred by converting motion to one for summary judgment without giving parents opportunity to conduct discovery.

Vacated and remanded.

West Headnotes

**Federal Civil Procedure** ⚖²2533.1
170Ak2533.1 Most Cited Cases
District court erred by converting school district's motion to dismiss suit, in which parents of kindergarten student alleged that student's First Amendment free speech and free exercise rights had been violated, into motion for summary judgment, without giving parents opportunity to conduct discovery, where motion to dismiss had been filed prior to answer, and prior to taking of any discovery, parents were surprised by conversion and effectively prevented thereby from taking pertinent discovery, and it was at least theoretically possible that discovery could affect result of case. U.S.C.A. Const.Amend. 1; Fed.Rules Civ.Proc.Rules 12(b)(6), 56, 28 U.S.C.A.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-07063-BSJ-FM   Document 23-4   Filed 11/29/2007   Page 2 of 7

7 Fed.Appx. 74                                                                                                  Page 2
7 Fed.Appx. 74, 2001 WL 303755 (2nd Cir.(N.Y.))
(Cite as: 7 Fed.Appx. 74, 2001 WL 303755 (2nd Cir.(N.Y.)))

*74 Appeal from the United States District Court for the Northern District of New York, Mordue, J.

Mathew Staver, Liberty Counsel, Longwood, FL; Brian Raum, Esq., New York, NY, on the brief, for appellant.

Louis Orbach, Bond, Schoeneck & King, LLP, Syracuse, NY, for appellees.

Present   CARDAMONE,   LEVAL   and KATZMANN, Circuit Judges.

SUMMARY ORDER

**1 Plaintiff Antonio Peck, by his parents, appeals from the district court's grant of summary judgment, dismissing his claim that his rights to free speech and free exercise of religion, as well as his rights under the Equal Protection Clause and the Establishment Clause, were violated by the defendants.

Peck, a kindergarten student, had received an assignment to make an "environmental poster" that would be displayed at the school's environmental program. In response to this assignment, Peck produced a poster featuring a picture of Jesus praying, titled with the legend, "The only *75 way to save our word!", the statement, "Prayer Changes Things," two children on a rock with the word "Savior," the Ten Commandments, and numerous other religious images, none relating in any direct way to the environment. Peck and his mother were told by his teacher that he could not hang his poster and that he would have to prepare another poster.

Peck then prepared a second poster. This poster included a church, two children on the lawn of the church placing trash in trash bins, figures holding hands around a globe, and two figures placing items in a bin showing a recycling logo. On the left side of the poster was a robed, bearded figure, resembling Jesus Christ (but not identified), with eyes and hands raised toward the sky. (Plaintiff concedes he intended the figure to represent Jesus Christ). The defendants displayed this poster, but folded under the left side of the poster so that the Christ figure was obscured.

Peck filed this action, alleging that the defendants' rejection of his first poster and the folding of his second violated his constitutional rights. Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, accompanied by an affidavit of Susan Weichert, Peck's teacher. Plaintiffs opposed this motion and filed an affidavit of Jo Anne Peck, Peck's mother. After oral argument, during which the motion was referred to only as one under 12(b)(6), the district court filed its decision, converting the motion to dismiss into a motion for summary judgment and granting summary judgment to defendants on all claims. The court entered judgment the following day.

On appeal, Peck contends, *inter alia,* that the district court erred by converting the motion into one for summary judgment without giving him adequate opportunity to take discovery. *See* Fed.R.Civ.P. 12(b). Peck identifies several ways in which he was prejudiced by the conversion, and suggests additional discovery that he would have requested, had he been given adequate notice that defendants' motion to dismiss was going to be considered as a motion that would finally dispose of the case. In particular, Peck asserts his wish to depose and address interrogatories to defendants in order to elucidate their motivations for taking the actions of which he complains.

We agree with Peck's contention. Defendants' motion to dismiss was filed prior to answering and prior to the taking of any discovery. Rule 12(b) expressly cautions that when a court converts a motion under 12(b)(6) for failure to state a claim to one under Rule 56 for summary judgment, all parties "shall be given reasonable opportunity to present" all pertinent materials. While plaintiff may have been technically aware that the defendants' inclusion of an affidavit and plaintiff's inclusion of a responding affidavit among the motion papers raised the possibility that the motion might be converted to one under Rule 56, *see Gurary v. Winehouse,* 190 F.3d 37, 42-43 (2d Cir.1999), the record suggests that the plaintiff was surprised by the conversion and effectively prevented thereby from taking pertinent discovery. Promptly after

Case 1:07-cv-07063-BSJ-FM    Document 23-4    Filed 11/29/2007    Page 3 of 7

7 Fed.Appx. 74                                                                                                                               Page 3
7 Fed.Appx. 74, 2001 WL 303755 (2nd Cir.(N.Y.))
(Cite as: 7 Fed.Appx. 74, 2001 WL 303755 (2nd Cir.(N.Y.)))

the entry of judgment, plaintiff moved for reconsideration, arguing that the court's procedure had deprived plaintiff of the opportunity to take discovery and present evidence relevant to a motion for summary judgment.

**\*\*2** While the defendants contend the rejection of the first poster and the folding of the second one were justified by legitimate pedagogical concerns, in that defendants argue the religious imagery was not responsive to the assignment to make a poster about the environment, we believe that the discovery to be taken by plaintiff is at **\*76** least theoretically capable of affecting the result of the case. For example, plaintiff's discovery of the teacher or of the school principal (who apparently shared in the decision not to post plaintiff's first poster and to fold the second) might reveal that they took these actions because of animus or hostility toward Christianity or toward religion generally. If the evidence, construed in the light most favorable to plaintiff, were to demonstrate such motivating animus or hostility, the case would be very different from a motivation stemming from a legitimate pedagogical concern, such as the responsiveness of the poster to the assignment. In addition, defendants' contention that the poster was not responsive to the assignment would be better assessed after further discovery regarding the exact nature of the assignment. We believe plaintiff was entitled to a reasonable opportunity to take such discovery, and that the court's abrupt conversion to summary judgment deprived plaintiff of that opportunity.

We do not suggest by this ruling, as plaintiff argues, that regardless of the evidence, the case is not amenable to summary judgment. If after full opportunity for discovery, the evidence viewed in the light most favorable to plaintiff shows that there is "no genuine issue as to any material fact and that the [defendants are] entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c), we see no reason why summary judgment should not be granted.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is VACATED and REMANDED.

7 Fed.Appx. 74, 2001 WL 303755 (2nd Cir.(N.Y.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

182 F.3d 901 (Table)
182 F.3d 901 (Table), 1999 WL 385763 (2nd Cir.(N.Y.))
**Unpublished Disposition**
(Cite as: 182 F.3d 901, 1999 WL 385763 (2nd Cir.(N.Y.)))

Page 1

**H**
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA2 s 0.23 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Second Circuit.
RICHARD FEINER AND COMPANY, INC., Plaintiff-Appellee,
v.
H R INDUSTRIES, INC., doing business as The Hollywood Reporter, Defendant-Appellant.
No. 98-9390.

June 4, 1999.

Appeal from the United States District Court for the Southern District of New York (Richard Owen, *Judge* ).

Slade R. Metcalf, Squadron, Ellenoff, Plesent & Sheinfeld, LLP (Jean Voutsinas, on the brief), New York, N.Y., for Appellant.

Gregory A. Sioris, New York, N.Y., for Appellee.

Before VAN GRAAFEILAND, CALABRESI,and STRAUB, C.JJ.

*SUMMARY ORDER [FN\*]*
FN* THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

**\*1** UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and hereby is VACATED and the case REMANDED.

Defendant-appellant H R Industries ("H R"), appeals from a judgment of the United States District Court for the Southern District of New York (Richard Owen, *Judge* ). Plaintiff-appellee Richard Feiner & Co. ("Feiner") brought this suit against H R, alleging that H R infringed on Feiner's copyright to a short film by publishing a still photograph apparently taken from the film. The district court granted summary judgment to Feiner, relying on a purported concession by H R that Feiner held the copyright to the still photograph. H R appeals, contending that, although it did make such a concession for purposes of its own simultaneously pending motion to dismiss, the stipulation did not apply to Feiner's summary judgment motion. Finding no support in the record for the district court's finding that H R actually conceded Feiner's ownership of the copyright, we reverse.

BACKGROUND
H R owns *The Hollywood Reporter* (the "*Reporter* "), a periodical devoted to "news and feature articles about celebrities, the entertainment business and technical developments in the motion picture and television industries." In March 1997, the *Reporter* published a photograph of the comedy duo Stan Laurel and Oliver Hardy that Feiner asserts was in a scene from the short film *Liberty*. Feiner brought suit against H R in June of that year, alleging that the publication of the Laurel and Hardy photograph in the *Reporter* had infringed on the copyright to *Liberty*, which Feiner asserted that it held.

In August, H R moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to grant summary judgment in its favor. H R's memorandum in sup-

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

182 F.3d 901 (Table)                                                                                                              Page 2
182 F.3d 901 (Table), 1999 WL 385763 (2nd Cir.(N.Y.))
**Unpublished Disposition**
**(Cite as: 182 F.3d 901, 1999 WL 385763 (2nd Cir.(N.Y.)))**

port of the motion noted that it "[did] not, at this time, dispute the validity of Plaintiff's copyright in the motion picture *Liberty* ... [and did] not dispute, for purposes of this argument, that the Photograph is a still from *Liberty*."

In October, Feiner submitted a cross-motion for summary judgment. H R's memorandum in opposition to Feiner's cross-motion included the following statement:

> In the event that Defendants motion for summary judgment is not granted, then Plaintiffs cross-motion should be denied in its entirety because there are material issues as to the following facts: (1) whether Plaintiff holds the copyright to *Liberty*; [and] (2) whether Plaintiff holds the copyright in the Photograph.... While, for purposes of Defendants motion to dismiss, Defendant did not challenge the factual allegation in the complaint that Plaintiff was the copyright owner of *Liberty*, Defendant in no way concedes that Plaintiff is either the copyright owner or an exclusive licensee of *Liberty*. Defendant will seek discovery on this issue, if its pending motion is denied.

**\*\*2** Oral argument on both H R's motion and Feiner's cross-motion was held in late October.

On June 3, 1998, the district court denied H R's motion and granted Feiner's cross-motion. *See Richard Feiner & Co. v. H R Indus.*, 10 F.Supp.2d 310, 316 (S.D.N.Y.1998). [FN1] *The court rejected H R' s arguments in favor of its motion. See id.* at 313-16. With respect to Feiner's cross-motion, the district court (1) noted the elements of a copyright infringement claim (plaintiff's ownership of the copyright and defendant's copying of the copyrighted work); (2) found that H R had conceded both elements; and (3) held that, because none of H R's asserted defenses applied, Feiner was entitled to summary judgment. *See id.* at 312-13, 316.

> FN1. *The district court did dismiss Feiner's claims under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under state law, on the ground that they were duplicative of Feiner's copyright infringement action. See*

*id.* at 316.

About two weeks after the district court's decision, H R moved for reconsideration or reargument, asserting that it had conceded Feiner's ownership of the copyright to the photo only for purposes of its own motion, and not in connection with Feiner's cross-motion. H R argued that, far from conceding the issue of whether Feiner held the copyright to the photograph, it had evidence that the picture was a publicity still taken during the filming of *Liberty*, rather than an actual part of the film itself. The district court granted the motion to reconsider but adhered to its original decision on the grounds (1) that during oral argument on the motions H R had, in fact, conceded Feiner's ownership of the copyright; and (2) that, even if the photo was a publicity still, the photo was still covered by Feiner's copyright to *Liberty*. *See Richard Feiner & Co. v. H R Indus.*, No. 97 Civ. 4670, 1998 WL 642758 (S.D.N.Y. Sept.18, 1998).

H R appeals, reiterating that its concession of Feiner's ownership to the copyright of the photograph had been clearly limited to its own motion and did not extend to its opposition to Feiner's cross-motion.

## DISCUSSION

This appeal requires us to engage in a peculiar type of inquiry that does not readily map onto the conventional standards of review. In appeals from a grant of summary judgment, we generally review the evidence in the light most favorable to the non-moving party. *See Frito-Lay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944, 957 (2d Cir.1993). But the determination at issue in this appeal--whether H R conceded that Feiner holds the copyright to the photograph--is not an issue of evidence.

We usually accord substantial deference to a trial judge's interpretation of pretrial orders and stipulations. *See Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir.1995) (per curiam); *SEC v. Sloan*, 535 F.2d 679, 681 (2d Cir.1976) (per curiam); *see also, e.g., West Peninsular Title Co. v. Palm Beach County*,

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-07063-BSJ-FM    Document 23-4    Filed 11/29/2007    Page 6 of 7

182 F.3d 901 (Table)                                                                                                Page 3
182 F.3d 901 (Table), 1999 WL 385763 (2nd Cir.(N.Y.))
**Unpublished Disposition**
**(Cite as: 182 F.3d 901, 1999 WL 385763 (2nd Cir.(N.Y.)))**

41 F.3d 1490, 1493 (11th Cir.1995) (per curiam) ("[W]e owe great deference to the trial judge's interpretation and enforcement of pretrial stipulations."). The cases that apply this rule are readily distinguishable from this appeal, however, because they involve a district court's interpretation of an order or stipulation drafted by the court.

**\*\*3** Thus, we recently noted that a written stipulation drafted by a party (rather than by the court) was "more akin to a run-of-the-mill contract than to a court order," and therefore held that the lower court's interpretation of the stipulation was "entitled to no special deference." *Harvis Trien & Beck, P.C. v. Federal Home Loan Mortgage Corp. (In re Blackwood Assocs., L.P.),* 153 F.3d 61, 66 (2d Cir.1998). Accordingly, we reviewed the lower court's decision with the normal standard of review for summary judgment motions--that is, "taking all factual inferences in favor of the non-moving party." *Id.* In so holding, we expressly held *Truskoski* to be inapplicable. *See id.. Compare also Washington Hosp. v. White,* 889 F.2d 1294, 1299 (3d Cir.1989) (holding that appellate review of a district court's factual findings as to the meaning of ambiguous provisions in a stipulation drafted by the parties will be for clear error), *with Jeff D. v. Andrus,* 899 F.2d 753, 760 (9th Cir.1990) (holding that the Court of Appeals would review *de novo* the district court's interpretation of the parties' settlement stipulation, because the district court order did not refer to any extrinsic evidence or credibility determinations and looked only to the language of the written stipulation). Again, however, these precedents do not fit this appeal, because H R's purported stipulation was made orally during the course of a hearing before the district court. It is therefore akin neither to a written contract drafted by the parties nor to a written order composed by the court.

Thus, it is unclear whether our review the district court's determination that H R conceded that Feiner held the copyright to the photograph should be *de novo,* for clear error, or for abuse of discretion. Indeed, the above-cited cases suggest that our level of deference to a district court's interpretation of a party's stipulation may depend upon the particular circumstances of the case--for example, on whether or not the interpretation involved a credibility determination. Fortunately, because the district court's finding must be reversed under any of these standards of review, we need not decide this issue to resolve the appeal.

H R's memorandum in opposition to Feiner's cross-motion for summary judgment prominently and expressly stated that, with respect to Feiner's cross-motion, H R did not concede Feiner's ownership of the copyright to the photo. It is true that the comments of H R's counsel at the hearing were ambiguous and did not clearly delineate the distinction that H R was drawing between its motion and Feiner's cross-motion. [FN2] *The district court's misinterpretation of these remarks is therefore understandable. But any uncertainty arising at the hearing could not possibly have overcome the clear and definite statements in H R's written submissions to the court. We therefore cannot affirm the district court's grant of summary judgment on the basis of H R's purported stipulation.*

> FN2. *At several points during the hearing, H R's counsel said that H R conceded, "at this time" and "for the purposes of this motion," that the photograph came from* Liberty *and that Feiner held the copyright to* Liberty. *The discussion at the hearing focused entirely on H R's motion to dismiss; Feiner's cross-motion was not debated. But H R's counsel never actually specified that his limitation of his client's stipulation of copyright ownership to "this motion" was meant to refer only to H R's motion and not also to Feiner's cross-motion.*

**\*\*4** *In denying H R's motion for reconsideration, the district court offered a new, alternative ground for granting Feiner's cross-motion. It held that, even if H R had not stipulated to Feiner's ownership of the copyright to the photograph, the photo "falls within Feiner's rights as copyright holder " to the film* Liberty. *Richard Feiner & Co.,* 1998 WL 642758, at \*1. As an initial matter, although other

Case 1:07-cv-07063-BSJ-FM    Document 23-4    Filed 11/29/2007    Page 7 of 7

182 F.3d 901 (Table)                                                                                            Page 4
182 F.3d 901 (Table), 1999 WL 385763 (2nd Cir.(N.Y.))
**Unpublished Disposition**
**(Cite as: 182 F.3d 901, 1999 WL 385763 (2nd Cir.(N.Y.)))**

cases have concluded that Feiner holds the rights to *Liberty, see Richard Feiner & Co. v. Turner Entertainment Co.,* No. 96-1472, 1997 WL 603447 (S.D.N.Y. Sept.30, 1997); *RHI Entertainment, Inc. v. Richard Feiner & Co.,* No. CV 84-6291 (C.D.Cal. May 7, 1991), H R was not a party in any of those cases and is therefore entitled to litigate the validity of Feiner's claim to the copyright. *See Weisberg v. U.S. Dep't of Justice,* 631 F.2d 824, 829 (D.C.Cir.1980); *Wales Indus. Inc. v. Hasbro Bradley, Inc.,* 612 F.Supp. 510, 517 (S.D.N.Y.1985); *Ediciones Quiroga, S.L. v. Fall River Music, Inc.,* No. 93 Civ. 3914, 1995 WL 103842, at *10 (S.D.N.Y. Mar.7, 1995).

Furthermore, the district court's statement that Feiner's asserted copyright to *Liberty* encompasses the photograph even if the picture was not actually part of the film would resolve an issue that was not briefed in the district court by either H R or Feiner. [FN3] *It is an issue, moreover, that involves multiple potential factual disputes that are suitable for development through discovery. And in its memorandum in opposition to Feiner's cross-motion, H R explicitly stated its intent to seek discovery on this and other questions related to Feiner's claim to the copyright of the photograph, in the event that its motion to dismiss failed. The district court's holding that Feiner held the copyright to Liberty and that this copyright covered the photograph was therefore premature and cannot stand. Cf. Mid Atlantic Telecom, Inc. v. Long Distance Servs., Inc.,* 18 F.3d 260, 264 (4th Cir.1994) (holding that material "factual uncertainties" about the plaintiff's claims precluded the district court from granting summary judgment against the plaintiff without first allowing discovery); *International Raw Materials, Ltd. v. Stauffer Chem. Co.,* 898 F.2d 946, 949-50 (3d Cir.1990) (reversing as "premature" the district court's grant of summary judgment prior to discovery, where it was not clear that the nonmoving party could not substantiate its allegations through discovery).

FN3. *Indeed, H R contends that Feiner's complaint, which alleges an infringement of Feiner's rights to "a still photograph portion of the [Liberty] photoplay," does not even assert that Feiner holds the copyright to publicity stills that are not a part of the film.*

CONCLUSION

We hold that the district court erred in finding (1) that H R conceded Feiner's ownership of the copyright to the photograph, and (2) that the issue of whether Feiner held the copyright to the photo could be decided as a matter of law without any discovery. Accordingly, the judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

•RICHARD FEINER AND COMPANY, INC., Plaintiff-Appellee, v. H R INDUSTRIES, INC., doing business as The Hollywood Reporter, Defendant-Appellant., 1998 WL 34088812 (Appellate Brief) (C.A.2 December 14, 1998), Brief for Defendant-Appelllant

•RICHARD FEINER AND COMPANY, INC., Plaintiff-Appellee, v. H R INDUSTRIES, INC., doing business as The Hollywood Reporter, Defendant-Appellant., 1998 WL 34088813 (Appellate Brief) (C.A.2 December 14, 1998), Brief for Defendant-Appellant

•RICHARD FEINER AND COMPANY, INC., Plaintiff-Appellee, v. H R INDUSTRIES, INC., doing business as The Hollywood Reporter, Defendant-Appellant., 1999 WL 33629979 (Appellate Brief) (C.A.2 January 20, 1999), Brief for Plaintiff-Appellee

•RICHARD FEINER AND COMPANY, INC., Plaintiff-Appellee, v. H R INDUSTRIES, INC., doing business as The Hollywood Reporter, Defendant-Appellant., 1999 WL 33629980 (Appellate Brief) (C.A.2 February 3, 1999), Reply Brief for Defendant-Appelllant

182 F.3d 901 (Table), 1999 WL 385763 (2nd Cir.(N.Y.)), Unpublished Disposition

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.