Tamara Carmichael
Christelette A. Hoey
Joshua Krumholz (*Admitted Pro Hac Vice*)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGER G. CRANE, JR.,<br><br>            Plaintiff,<br><br>v.<br><br>POETIC PRODUCTS LIMITED,<br><br>            Defendant. | Case No.: 07 Civ. 7063 (BSJ)(FM) |
| POETIC PRODUCTS LIMITED,<br><br>            Counterclaimant,<br><br>v.<br><br>ROGER G. CRANE, JR.,<br><br>            Counterclaimant Defendant. | |

**DEFENDANT–COUNTERCLAIMANT POETIC PRODUCTS LIMITED'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION TO STAY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

I. PRELIMINARY STATEMENT .....................................................................................1

II. ARGUMENT....................................................................................................................1

    A. Poetic Products' Motion to Stay Relates Only to the Inappropriate Timing of Crane's Summary-Judgment Motion ........................................................................1

    B. Poetic Products Has Met Its Burden Pursuant to Rule 56(f) ......................................3

        1. Poetic Products needs discovery to adequately oppose Crane's summary-judgment motion ..................................................................................................3

            a. Substantial Similarity..................................................................................4

            b. Fair Use and Unfair Competition................................................................7

            c. UK Copyright Law .....................................................................................7

        2. Poetic Products has properly requested an extension to substantively oppose Crane's motion for summary-judgment ...................................................8

        3. Poetic Products has acted in good faith ................................................................9

III. CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aetna Cas. & Surety Co. v. Aniero Concrete Co.,
  404 F.3d 566 (2d Cir. 2005).................................................................................................6

Armstrong v. Virgin Records,
  91 F. Supp. 2d 628 (S.D.N.Y. 2000).....................................................................................7

Bill Diodato Photography, LLC v. Kate Spade, LLC,
  388 F. Supp. 2d 382 (S.D.N.Y. 2005)...................................................................................6

Bridgeman Art Library, Ltd. v. Corel Corp.,
  25 F. Supp. 2d 421 (S.D.N.Y. 1998)..................................................................................7, 8

Burlington Coat Factory Warehouse v. Esprit De Corp.,
  769 F.2d 919 (2d Cir. 1985)..................................................................................................6

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986)...............................................................................................................2

Contemporary Mission, Inc. v. U.S. Postal Serv.,
  648 F.2d 97 (2d Cir. 1981)....................................................................................................6

Flaherty v. Filardi,
  388 F. Supp. 2d 274 (S.D.N.Y. 2005)................................................................................5, 6

Fuld v. NBC, Inc.,
  390 F. Supp. 877 (S.D.N.Y. 1975) .......................................................................................3

Gardner v. Nizer,
  391 F. Supp. 940 (S.D.N.Y. 1975) .......................................................................................3

Greenbie v. Noble,
  151 F. Supp. 45 (S.D.N.Y. 1957) ..............................................................................3, 4, 5, 6

Gurary v. Winehouse,
  190 F.3d 37 (2d Cir. 1999)....................................................................................................6

Hoehling v. Universal City Studios, Inc.,
  618 F.2d 972 (2d Cir. 1980)..........................................................................................2, 3, 7

Jenkins v. City of N.Y.,
  Nos. 98 Civ. 7170, 98 Civ. 7338, 1999 WL 782509 (S.D.N.Y. Sept. 30, 1999)..................6

Lone Wolf McQuade Assocs. v. CBS Inc.,
    961 F. Supp. 587 (S.D.N.Y. 1997) .................................................................................7

Mallery v. NBC Universal, Inc.,
    No. 07 Civ. 2250, 2007 WL 4258196 (S.D.N.Y. Dec. 3, 2007)......................................3

McAllan v. Vonessen,
    517 F. Supp. 2d 672 (S.D.N.Y. 2007)..............................................................................6

Moyna LLC v. Victoria's Secret Direct New York, LLC,
    No. 01 Civ. 9625, 2003 WL 21983032 (S.D.N.Y. Aug. 19, 2003) .................................9

Paddington Partners v. Bouchard,
    34 F.3d 1132 (2d Cir. 1994).............................................................................................6

Perez v. City of N.Y.,
    No. 01-CV-5384, 2007 WL 14486 (E.D.N.Y. Jan. 3, 2007) ...........................................6

Players, Inc. v. City of N.Y.,
    371 F. Supp. 2d 522 (S.D.N.Y. 2005).........................................................................8, 9

SEC v. Zubkis,
    No. 97 CIV 8086, 2000 WL 218393 (S.D.N.Y. Feb. 23, 2000) ......................................6

Sabin v. Regardie, Regardie & Bartow,
    770 F. Supp. 5 (D.D.C. 1991)..........................................................................................3

United Feature Syndicate, Inc. v. Koons,
    817 F. Supp. 370 (S.D.N.Y. 2003) ..................................................................................7

**STATUTES**

Fed. R. Civ. P. 56(f) (2008) ..................................................................................................3, 4

Defendant-counterclaimant Poetic Products Limited ("Poetic Products"), by and through its undersigned counsel, respectfully submits this reply in further support of its motion to stay summary judgment (the "Motion").

## I.  Preliminary Statement

Poetic Products has moved to stay the summary-judgment proceedings initiated by plaintiff-counterclaimant-defendant Roger G. Crane, Jr. ("Crane"). Crane opposes Poetic Products' Motion, arguing: (a) the citations in Poetic Products' Motion support Crane's position that summary judgment is proper; and (b) discovery is not needed with respect to substantial similarity of the works at issue here. In addition, and throughout his opposition, Crane regurgitates his substantive arguments made in support of his summary-judgment motion despite Poetic Products' request for a stay and/or extension of time to respond.

Poetic Products' argument, largely ignored by Crane, is straightforward: summary judgment is inappropriate at this time because Poetic Products has not been afforded the opportunity to conduct discovery. As a result, Poetic Products cannot fairly oppose Crane's motion for summary judgment with respect to the issues presented, namely, substantial similarity, fair use, and unfair competition (nor could Poetic Products effectively file a cross-motion for summary judgment). Thus, Poetic Products' Motion is proper and should be granted.

## II.  Argument

### A.  Poetic Products' Motion to Stay Relates Only to the Inappropriate Timing of Crane's Summary-Judgment Motion

In opposing this motion to stay summary judgment, Crane first argues Poetic Products' cited authority merely supports his position. Crane, however, misdirects the analysis at issue.

Other than by way of general or introductory discussion related to summary judgment in copyright cases, the issue, here, is not, as framed by Crane in his response, whether summary

1

judgment may ever be granted in copyright cases. Rather, the narrower and more specific issue, presented by Poetic Products' Motion, is timing, i.e., whether the Court should consider summary judgment prior to discovery or stay summary judgment until the completion of discovery.

Notwithstanding, Crane spends significant time arguing summary judgment is a proper avenue for determining substantial similarity and fair use in copyright-infringement cases. In support, Crane highlights that case law relied upon by Poetic Products properly granted summary judgment. See Response at 2-6. Poetic Products does not disagree, and both parties have cited authority acknowledging that, at times and although disfavored and perhaps difficult, summary judgment may be proper in copyright disputes. Many courts do, in fact, grant summary judgment in copyright matters. That is not the issue, however, for purposes of this Motion. Rather, the focus is whether the Court should consider summary judgment before or after discovery.

In reviewing the overlapping authorities cited by the parties, and most notably those in Crane's opposition papers, the need for and appropriateness of discovery relating to copyright issues involving substantial similarity becomes readily apparent. As a general rule, "summary judgment is appropriate only after adequate time for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). This Circuit emphasized this general rule in Hoehling v. Universal City Studios, Inc., which case Crane heavily relied upon in his opposition (and to which Poetic Products cited), wherein the court did not consider summary judgment until after the parties had engaged in "extensive discovery." Hoehling, 618 F.2d 972, 977 (2d Cir. 1980). In point of fact, but ignored by Crane, the Second Circuit noted in Hoehling that the trial court denied the alleged infringer's summary-judgment motion, "concluding it was inappropriate prior to the completion of requested discovery." Hoehling, 618 F.2d at 977, n.3. In short, the district court permitted

discovery before properly considering summary judgment. See also Sabin v. Regardie, Regardie & Bartow, 770 F. Supp. 5, 7 (D.D.C. 1991) (refusing to dismiss copyright-infringement claim prior to discovery). Thus, the Hoehling decision fatally undermines Crane's position.

Similarly, Crane's other authority on the issue of whether summary judgment is appropriate for substantial similarity is inapposite, here, because either discovery had already occurred or the court did not address the specific issue at hand. See, e.g., Mallery v. NBC Universal, Inc., No. 07 Civ. 2250, 2007 WL 4258196, at *1-3 (S.D.N.Y. Dec. 3, 2007) (addressing conversion of motion to dismiss into summary judgment and whether court may dispose of substantial similarity on such judgment where discovery was neither referenced nor at issue); Gardner v. Nizer, 391 F. Supp. 940, 941-44 (S.D.N.Y. 1975) (granting summary judgment on substantial-similarity issue after parties had, at least, exchanged interrogatories); Fuld v. NBC, Inc., 390 F. Supp. 877, 882-83 (S.D.N.Y. 1975) (granting summary judgment on substantial-similarity issue after alleged infringer had provided court with list of sources containing similar historical events as copyright owner's work); Greenbie v. Noble, 151 F. Supp. 45, 68-70 (S.D.N.Y. 1957) (deciding summary judgment on issue of substantial similarity after considering evidence presented at trial).

Based upon the foregoing, discovery in copyright cases is clearly appropriate, if not generally expected, prior to considering summary judgment.

### B. Poetic Products Has Met Its Burden Pursuant to Rule 56(f)

#### 1. Poetic Products needs discovery to adequately oppose Crane's summary-judgment motion.

Crane next argues, erroneously, that Poetic Products has not met the requirements of Rule 56(f) in submitting its motion to stay summary judgment. See Response at 6-7. Indeed, the Federal Rules permit a court to postpone consideration of a summary-judgment motion if it

3

appears the non-moving party cannot present facts essential to justify its opposition. See Fed. R. Civ. P. 56(f) (2008). As discussed above, and in its Rule 56(f) Statement, Poetic Products should be given the opportunity to fully and adequately develop the facts in this case to ensure it can fairly oppose Crane's motion for summary judgment (and/or move for summary judgment itself).

Crane specifically contends the factual inquiries set forth in Poetic Products' Rule 56(f) Statement do not relate to the issues raised in Crane's summary-judgment motion, supporting his conclusion that discovery is unnecessary. Generally speaking, Crane's summary judgment motion raises four separate, but related, issues: (1) substantial similarity; (2) fair use; (3) unfair competition; and (4) UK copyright-law issues.[1] Poetic Products is entitled to discovery on each of these points as discovery would assist Poetic Products in fairly opposing Crane's motion (and perhaps filing its own motion) and creating genuine issues of fact based upon the full record to be developed.

### a.  Substantial Similarity

In the context of works specific to those at issue here, namely, works involving an historical figure, substantial similarity involve more than the mere comparison thereof. Indeed, the Second Circuit has recognized, in a copyright-infringement action comparing a biography and a historical novel, that the "real question on [close resemblances], is, not whether such resemblances exist, but whether these resemblances are purely accidental and undesigned, and unborrowed . . . arising from common sources accessible to both the authors, and the use of materials open equally to both." Greenbie, 151 F. Supp. 45, 68 (S.D.N.Y. 1957) (citation omitted). In other words, a comparison of non-fictional literary works necessitates developing factual evidence surrounding the creation of the infringing work (i.e., independent investigation

---

[1]  To avoid any doubt, Poetic Products does not submit to the jurisdiction of this Court in relation to UK copyright-law issues, which point is addressed more fully below.

4

and research). See id. at 54-60, 67-70 (discussing evidence regarding alleged infringer's independent research and noting plaintiff must show accused work is a copy of the protected work, rather than the result of original sources available to all).

Accordingly, discovery of points in Poetic Products' Rule 56(f) Statement as to whether Crane used independent research from other sources in the public domain to create his play, The Last Confession, is highly relevant to substantial similarity.[2] Those points are summarized as follows: (1) the nature, extent, and circumstances of Crane's authorship; (2) the nature and extent of his infringing acts; (3) his use of Poetic Products' work; (4) his notes; (5) his research; (6) the deposition testimony of Mr. Suchet, and anyone else, who assisted with drafting Crane's play; and (7) the deposition testimony of the woman who authored the Evening Standard article, as she will be able explain where she received the information that Crane's play was or was not based upon Poetic Product's book. See Poetic Products' Rule 56(f) Statement. Each of the points raised therein relate to and will offer summary-judgment evidence of the "real question" in a substantial-similarity analysis, i.e., "whether [any] resemblances are purely accidental and undesigned, and unborrowed." Greenbie, 151 F. Supp. at 68 (citation omitted).

To the extent Crane cites copyright cases to support his contention otherwise, such authority is inapposite, here, because the requested discovery does not address whether the substantial similarity is "purely accidental and undesigned, and unborrowed" and "arising from common sources accessible to both authors." Greenbie, 151 F. Supp. at 68. See, e.g., Flaherty v. Filardi, 388 F. Supp. 2d 274, 281-84, 291 (S.D.N.Y. 2005) (denying Rule 56(f) motion in

---

[2] Most telling, information related to Crane's investigation and research, which resulted in the creation of his work, is not in Poetic Products' possession, custody, or control. Thus, the only way Poetic Products can access this information and verify Crane's self-serving statements is through discovery, including deposing Crane and requesting the production of related documents and/or deposing third-party sources.

5

copyright action involving fictional works and thus, inherently, considerations regarding availability of original sources in public domain were not at issue for discovery); Bill Diodato Photography, LLC v. Kate Spade, LLC, 388 F. Supp. 2d 382, 395 (S.D.N.Y. 2005) (denying Rule 56(f) motion where, after having already engaged in discovery, the court found additional discovery bore no relevance to disposition of the copyright-infringement case).[3]

Moreover, in determining substantial or material similarity of a copyrighted work, courts must also consider: "[1] the value of the part appropriated; [2] its relative value to each of the works in controversy; [3] the purpose it serves in each; [4] how far the copied matter will tend to supersede the original or interfere with its sale; and [5] other considerations." Greenbie, 151 F.

---

[3] In addition, many of the cases cited by Crane do not involve copyright law and/or involve cases where the court permitted some discovery while denying additional discovery. See ,e.g., Aetna Cas. & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 573 (2d Cir. 2005) (denying stay of summary judgment where moving party failed to submit an affidavit and, thus, made no specific assertion as to the discovery needed in support of contractual dispute); Gurary v. Winehouse, 190 F.3d 37, 43-44 (2d Cir. 1999) (denying stay of summary judgment in securities-fraud case where moving party failed to raise the issue in court below); McAllan v. Vonessen, 517 F. Supp. 2d 672, 677-78 (S.D.N.Y. 2007) (rejecting Rule 56(f) motion where, after conducting some discovery, the court found additional discovery bore no relevance to disposition of civil-rights action); Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 (2d Cir. 1981) (finding continuance of summary judgment unwarranted where requested discovery constituted fishing expedition of what plaintiff hoped to find with respect to its conspiracy claim); Perez v. City of N.Y., No. 01-CV-5384, 2007 WL 14486, at *5 (E.D.N.Y. Jan. 3, 2007) (denying request for additional discovery after completion thereof where moving party failed to timely alert court of any discovery issues within 16-month period preceding said completion); SEC v. Zubkis, No. 97 CIV 8086, 2000 WL 218393, at *11-12 (S.D.N.Y. Feb. 23, 2000) (rejecting Rule 56(f) motion where defendant frivolously argued he was not subject to SEC's jurisdiction, finding such argument to be legal not factual); Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-40 (2d Cir. 1994) (affirming denial of motion to stay summary judgment where moving party failed to submit requisite affidavit and sought additional discovery in hope of establishing indemnification claim, rather than in support thereof); Burlington Coat Factory Warehouse v. Esprit De Corp., 769 F.2d 919, 926-28 (2d Cir. 1985) (upholding denial of Rule 56(f) motion where movant in antitrust action merely mentioned need for additional discovery in opposition to summary-judgment motion and failed to timely request said discovery before summary-judgment deadline); Jenkins v. City of N.Y., Nos. 98 Civ. 7170, 98 Civ. 7338, 1999 WL 782509, at *16-17 (S.D.N.Y. Sept. 30, 1999) (finding plaintiffs waived right to Rule 56(f) motion where they based request for discovery entirely upon conclusory allegations).

Supp. at 69 (citation omitted). As such, Poetic Products is entitled to discover the full extent of the facts and circumstances related to the works at issue, Crane's infringing conduct, as well as the full extent of unfair competition and the damages related thereto. See Poetic Products' Rule 56(f) Statement.

### b.     Fair Use and Unfair Competition

Discovery will also assist Poetic Products in opposing Crane's summary-judgment motion insofar as it relates to fair use and unfair competition. See, e.g., United Feature Syndicate, Inc. v. Koons, 817 F. Supp. 370, 378-82 (S.D.N.Y. 2003) (considering partial summary judgment after discovery with respect to fair-use defense); Lone Wolf McQuade Assocs. v. CBS Inc., 961 F. Supp. 587, 599 (S.D.N.Y. 1997) (refusing to consider unfair-competition preemption argument, as it related to confusion of source, where scope of claim had not been developed on motion for summary judgment, suggesting parties had not taken discovery); cf. Hoehling, 618 F.2d at 980 (considering preemption of unfair-competition claim on summary judgment after completion of discovery).

### c.     UK Copyright Law

Finally, in order for this Court to consider whether UK copyright issues may properly be decided in the United States, the factual record must be developed to show the infringement of such copyright occurred in this country and not abroad.[4] See, e.g., Armstrong v. Virgin Records, 91 F. Supp. 2d 628, 634 (S.D.N.Y. 2000) (finding no extra-territorial application of Copyright Act where allegedly-infringing events entirely took place overseas); Bridgeman Art Library, Ltd.

---

[4]   This proposition assumes Poetic Products has sued on its British copyrights in this case. Poetic Products has not done so, as suggested by Crane. Rather, Poetic Products' claims only relate to its U.S. copyrights. Accordingly, this position is set forth for the sake of argument.

v. Corel Corp., 25 F. Supp. 2d 421, 428, 430 (S.D.N.Y. 1998) (concluding same). As such, Poetic Products is entitled to take discovery.

### 2. Poetic Products has properly requested an extension to substantively oppose Crane's motion for summary judgment.

Rule 56(f) permits Poetic Products to seek a stay or continuance of Crane's motion for summary judgment, including all papers filed in support thereof (i.e., Rule 56.1 Statements and other attachments), until Poetic Products can obtain facts essential to justify its opposition thereto. See Fed. R. Civ. P. 56(f) (2008). In his response, Crane contends Poetic Products has waived its right to oppose his summary-judgment motion. See Response at 11-12.

In support, Crane erroneously relies upon the decision in Players, Inc. v. City of N.Y., 371 F. Supp. 2d 522 (S.D.N.Y. 2005). In Players, the court denied the plaintiff's Rule 56(f) motion because it failed to avail itself of the many opportunities the court had given it to substantively oppose the defendants' motion for summary judgment. See id. at 533-35. The plaintiff: (1) requested discovery, which the court granted, yet the plaintiff never propounded the discovery; (2) failed to adhere to the scheduling order for opposing the defendants' motion, including the various enlargements granted in relation thereto; and (3) filed a Rule 56(f) motion in an attempt to delay summary judgment. See id. at 526-28. Despite the plaintiff's dilatory actions, the Players court, nonetheless, granted the plaintiff's third request to oppose the defendants' summary-judgment motion. See id. at 528.

Here, Poetic Products has moved not only to stay summary-judgment proceedings, but also to extend the time to respond to Crane's motion. See Notice of Motion for Stay of Plaintiff's Motion for Summary Judgment (including extension request). Furthermore, Poetic Products acted promptly in seeking a stay upon Crane's submission of his motion for summary judgment.

Unlike the plaintiff in Players, supra, wherein the extension was nonetheless granted, Poetic Products has not broken any, let alone various, stipulated deadlines or wasted any opportunity to develop the necessary facts to oppose Crane's motion. In fact, Poetic Products seeks the right to obtain such information, which right had been granted in Players. As such, Poetic Products' has properly filed this Motion to seek the requested relief.

### 3. Poetic Products has acted in good faith.

Contrary to Crane's contentions, Poetic Products has not moved to stay the summary-judgment proceedings simply to delay the Court's decision in relation thereto.[5] Cf. Moyna LLC v. Victoria's Secret Direct New York, LLC, No. 01 Civ. 9625, 2003 WL 21983032, at *4 (S.D.N.Y. Aug. 19, 2003) (finding alleged infringer had brought Rule 56(f) motion in bad faith where said infringer made the application over two years after commencement of suit and failed to comply with Rule 56(f) requirements). Rather, if any improper actions have been taken, it is Crane who seeks to railroad this action through this Court while depriving Poetic Products of due process in obtaining discovery relevant to the issues presented in his motion for summary judgment.

Based upon the foregoing, the Court should stay Crane's motion for summary judgment until the completion of discovery. Additionally, or alternatively, the Court should grant Poetic Products an extension of time to substantively respond to Crane's summary-judgment motion.

---

[5] On the contrary, Poetic Products, in good faith, requested a 60-day extension of time within which to substantively respond to Crane's motion should the Court deny this Motion. When Poetic Products initially filed this Motion, Mr. Yallop, the copyright owner of In God's Name, was traveling abroad on a promotional tour and inaccessible until late December, 2007. In addition, leading counsel for Poetic Products had a hectic deposition-travel schedule in another federal case. As such, Poetic Products respectfully submits the 60-day request was not unreasonable and, clearly, not made in bad faith. Moreover, Poetic Products' scheduling conflicts have now passed, in part, because Crane requested an extension to oppose this Motion due to his counsel's scheduling conflicts. Assuming, *arguendo*, the Court denies this stay request, Poetic Products will adhere to a briefing schedule as set by this Court.

## III. <u>Conclusion</u>

For the foregoing reasons, Poetic Products respectfully requests this Court grant its Motion for Stay of Plaintiff's Motion for Summary Judgment, plus any and all other relief this Court deems just and proper.

Dated: January 25, 2008

Respectfully Submitted,

HOLLAND & KNIGHT LLP

By: _____
Tamara Carmichael
Christelette Hoey
Joshua Krumholz (*Pro Hac Vice*)
195 Broadway, Floor 24
New York, New York 10007
(212) 513-3200
(212) 385-9010 (fax)

Attorneys for Defendant-Counterclaimant Poetic Products, Ltd.

# 5078003_v4

10