UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROGER R. CRANE, JR.,                            :

                Plaintiff,                :

     -against-                                    :

POETIC PRODUCTS LIMITED,              :

                Defendant.               :    **DECISION AND ORDER**

------------------------------------------------------------x    07 Civ. 7063 (BSJ)(FM)

POETIC PRODUCTS LIMITED,              :

                Counterclaimant,      :

     -against-                                    :

ROGER R. CRANE, JR.,                            :

                Counterclaim Defendant.  :

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.     Introduction

        In this action, plaintiff Roger R. Crane, Jr. ("Crane"), a New York attorney, seeks a declaratory judgment that his copyrighted play, The Last Confession, does not infringe In God's Name: An Investigation into the Murder of Pope John Paul I ("In God's Name"), a book for which defendant Poetic Products Limited ("PPL") holds copyrights in the United States and the United Kingdom. PPL, in turn, has asserted

counterclaims against Crane for copyright infringement and unfair competition. On November 13, 2007, Crane filed a motion for summary judgment which is pending before the Honorable Barbara S. Jones, to whom this case is assigned. The narrow issue before me is whether there is a basis for PPL's cross-motion, pursuant to Federal Rule of Civil Procedure 56(f), to stay a decision with respect to the summary judgment motion pending the completion of certain discovery. PPL also seeks sixty days to respond to Crane's motion if a stay is denied. For the reasons set forth below, PPL's motion is denied. Additionally, PPL is directed to serve and file its opposition papers within ten business days, following which Crane shall have five business days to reply.

II.   Background

In 1997, Crane wrote a play entitled The Last Confession, which is a fictional work that relates the story of Pope John Paul I's death through the eyes of his friend, Cardinal Benelli. (Decl. of Roger R. Crane, Jr., dated Nov. 13, 2007 ("Crane Decl."), ¶¶ 2-6). Although Crane hoped that his play would be performed, he at first was told that it was "impossible to produce" and could not get an agent. (Id. ¶ 8). Eventually, however, actor David Suchet read the script and agreed to play the lead role. (Id. ¶ 10). The play then opened in April 2007 in Chichester, England, and ran in various venues, including London, through September 15, 2007. (Id. ¶ 11).

Shortly thereafter, Crane's counsel began to receive letters from a British law firm representing PPL. (Docket No. 1 (Compl.) ¶¶ 3, 13; Answer ¶ 8 (Counterclaim);

Crane Decl. ¶¶ 12-14 & Exs. A-B). PPL holds copyrights in the United States and the United Kingdom in In God's Name, a book by David Yallop, which is an investigative nonfiction work regarding the death of Pope John Paul I. (Answer ¶ 2). In its letters, PPL's counsel contended that The Last Confession infringed PPL's United Kingdom copyright in In God's Name.[1] (Id. ¶ 3; Crane Decl. Exs. A-B).

After Crane's play was performed in England, a Hollywood producer expressed interest in making it into a motion picture. (Crane Decl. ¶¶ 16-17 & Ex. D). However, the producer advised Crane that he could not proceed until Crane's legal issues with PPL were resolved. (Id. ¶ 17 & Ex. D). Accordingly, Crane brought this action in an effort to obtain a declaratory judgment that his play does not infringe PPL's copyrights.

The parties have not yet engaged in any discovery. (Pl.'s Mem. in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Mem."), at 11; Def.'s Mem. in Supp. of Def.'s Mot. to Stay ("Def.'s Mem."), at 5). On November 6, 2007, Judge Jones referred the case to me for general pretrial management. (Docket No. 9). The following week, Crane moved for summary judgment, contending that discovery was unnecessary. (Docket No. 12). Subsequently, on November 29, 2007, PPL filed its cross-motion pursuant to Rule 56(f), in which it alleges that it needs time for discovery in order to respond to Crane's motion. (Docket No. 22).

---

[1]    British copyright law is similar to United States copyright law. See Bridgeman Art Library, Ltd. v. Corel Corp., 25 F. Supp. 2d 421, 427 n.41 (S.D.N.Y. 1998).

III.  Discussion

    A.    Jurisdiction

PPL's motion to stay is nondispositive and therefore within the scope of Judge Jones's general pretrial referral to me.  See, e.g., McAllan v. Von Essen, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (quoting Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (matters that "do[] not dispose of the litigation" are non-dispositive)); Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 734 F. Supp. 1071, 1080 (S.D.N.Y. 1990) (a motion is non-dispositive if it "would not resolve the substantive claims for relief alleged in the pleadings"); Blair v. Sealift, Inc., 848 F. Supp. 670, 675 (E.D. La. 1994) (magistrate judges can render a final determination on any pretrial motion, other than the eight motions listed in 28 U.S.C. § 636(b)(1)(A)).

    B.    Rule 56(f) Standard

Rule 56(f) permits a court to deny a motion for summary judgment or grant a continuance "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(f).  To defeat or delay an award of summary judgment on this ground, the party opposing the motion must "submit an affidavit showing (1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."  JSC Foreign Econ.

Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 386 F. Supp. 2d 461, 478 (S.D.N.Y. 2005) (citing Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999)); see Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 606 (2d Cir. 2005). When the discovery sought is irrelevant to the issues before the Court, relief under Rule 56(f) will be denied. See Contemporary Mission, Inc. v. N.Y. Times Co., 842 F.2d 612, 622 (2d Cir. 1988).

    C.    Copyright Claim

        1.    United States Law

In this action, Crane concedes that PPL owns a valid United States copyright in In God's Name. (Pl.'s Mem. at 22; see Answer Ex. A). Accordingly, to make out a prima facie case of copyright infringement, PPL need only further establish that its "work was actually copied . . . [and] that the copying amounts to an improper or unlawful appropriation" of protected material. Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139-40 (2d Cir. 1992) (internal quotation marks and citations omitted); accord Williams v. Crichton, 84 F.3d 581, 587 (2d Cir. 1996).

      Actual copying can be proved in several ways, including direct evidence of copying or indirect evidence that the defendant had access to the allegedly infringed work and that there is a "probative similarity" between the two works. See Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137 (2d Cir. 1998). Once copying is established – either directly or indirectly – the key issue becomes whether the copying

was illegal because the allegedly infringing work "bears [a] 'substantial similarity' to protected expression" in the copyrighted work. Id. at 137 (quoting Repp v. Webber, 132 F.3d 882, 889 (2d Cir. 1997)). Although the two standards are often conflated, the requirement that the copyright holder establish "substantial similarity" between the two works in order to establish infringement is different than the "probative similarity" which, together with access, may be used to satisfy the actual copying element of a copyright infringement claim. See Ringgold v. Black Entm't Television, Inc., 126 F.3d 70, 75 (2d Cir. 1997) (while probative similarity requires only that "the infringing work copies something from the copyrighted work," the substantial similarity test examines whether the copying is "sufficient to support the legal conclusion that infringement . . . has occurred") (emphasis added).

To assess substantial similarity, a United States court considers the themes, characters, plots, settings, and total concept and feel of the two works. Flaherty v. Filardi, 388 F. Supp. 2d 274, 287 (S.D.N.Y. 2005). The question that the court must answer, using the "ordinary observer" test, is "whether the average lay observer would recognize the challenged material as having been copied from the copyrighted work." Id. at 286. "If 'the similarity concerns only noncopyrightable elements of [the] plaintiff['s] work' or 'no reasonable trier of fact could find the works substantially similar,' summary judgment is appropriate." Crichton, 84 F.3d at 587 (quoting Walker v. Time Life Films, Inc., 784 F.2d 44, 48 (2d Cir. 1986)).

In seeking discovery regarding access and actual copying, PPL necessarily is focusing on the actual copying element of its copyright infringement claim. However, in his motion papers, Crane focuses on the issue of substantial similarity, thereby conceding for purposes of his motion that PPL can establish actual copying through proof that he had access to In God's Name and that there is "probative similarity" between the two works. In these circumstances, Crane's motion can be decided based on a comparison of the two works without the need to consider any extrinsic evidence with respect to actual copying. See, e.g., Bill Diodato Photography, LLC v. Kate Spade, LLC, 388 F. Supp. 2d 382, 395 (S.D.N.Y. 2005) (denying Rule 56(f) motion because the documents requested "could not alter the analysis as to the protectibility of the [copyrighted p]hotograph"); Flaherty, 388 F. Supp. 2d at 291 (denying Rule 56(f) motion because "the relevant inquiry for summary judgment on the copyright and related claims . . . focuses on the substantial similarities between Plaintiff's screenplay and Defendants' finished film, both of which are in evidence"); Madrid v. Chronicle Books, 209 F. Supp. 2d 1227, 1233-34 (D. Wyo. 2002) (finding that "further discovery is superfluous and merely a waste of time" where the motion turns on the substantial similarity of "two literary works that are expressed in plain English"); Whitehead v. Paramount Pictures Corp., 53 F. Supp. 2d 38, 52 (D.D.C. 1999) (describing plaintiff's discovery requests as "irrelevant to the analysis of substantial similarity").

2. British Law

PPL's Rule 56(f) motion discusses only United States copyright law. As noted earlier, however, Crane seeks summary judgment with respect to PPL's copyright claims under both United States and British law. In the absence of any suggestion that there is something unique about the copyright laws of the United Kingdom, PPL has not shown that the fact that it has a British copyright entitles it to any greater discovery than would otherwise be required at this juncture with respect to its United States copyright claim.

D. PPL's Counterclaims

PPL also has asserted two counterclaims against Crane. PPL's first counterclaim alleges that Crane's play infringes PPL's copyright in In God's Name. (See Answer at 9-10). Since this is merely the converse of Crane's noninfringement claim, discovery with respect to it is unnecessary.

PPL's second counterclaim is that Crane's allegedly infringing conduct constitutes common law unfair competition. (Id. at 10-11). However, PPL's unfair competition counterclaim is based solely on the allegations made in its copyright infringement counterclaim. (See id. at 10 ("Crane's acts and conduct, as alleged [in the copyright infringement counterclaim], constitute unfair competition under applicable common law.")). PPL's unfair competition counterclaim therefore appears to be preempted by federal law. See Briarpatch Ltd., L.P. v. Phoenix Pictures, 373 F.3d 296,

305-06 (2d Cir. 2004); Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 717 (2d Cir. 1992); Walker, 784 F.2d at 53; Silverstein v. Penguin Putnam, Inc., 522 F. Supp. 2d 579, 608 (S.D.N.Y. 2007); Orange County Choppers, Inc. v. Olaes Enters., Inc., 497 F. Supp. 2d 541, 556 (S.D.N.Y. 2007).  Although this is a merits-based question which is properly before Judge Jones, not me, the law in this area is sufficiently clear that I see no need for discovery with respect to PPL's unfair competition claim before Judge Jones has had an opportunity to rule on Crane's motion.

    E.    Time to Respond

Under Local Civil Rule 6.1(b), PPL had to serve its opposing affidavits and answering memoranda within ten business days after the service of Crane's moving papers.  In its motion, PPL sought to extend this period to sixty days in the event its motion for a stay was denied.  (See Def.'s Mem. at 1 n.1).  The request for such an extraordinarily long time to respond was based on PPL's counsel's schedule at the time.  (Id.).  In the absence of any indication that the problems outlined by counsel at that time persist, there is no basis for departing from the customary rules.  PPL is therefore directed to serve and file its opposition papers within ten business days, after which Crane shall have five business days to reply.  Given the more than five months that have elapsed since Crane's summary judgment motion was filed, PPL's counsel would be well advised not to seek an extension of its time to respond.

IV.     <u>Conclusion</u>

For the reasons set forth above, PPL's motion pursuant to Rule 56(f), (Docket No. 22), is denied. PPL is directed to respond to Crane's motion for summary judgment within ten business days, following which Crane shall have five business days to reply.

SO ORDERED.

Dated:      New York, New York
            April 23, 2008

                                            _____
                                            FRANK MAAS
                                            United States Magistrate Judge

Copies to:

Hon. Barbara S. Jones
United States District Judge

Frank H. Penski, Esq./Tamar Y. Duvdevani, Esq.
Nixon Peabody LLP
Fax: (212) 940-3111/3300

Tamara F. Carmichael, Esq./Joshua Krumholz, Esq.
Holland & Knight LLP
Fax: (212) 385-9010/(617) 523-6850