Tamara Carmichael
Christelette A. Hoey
Joshua Krumholz (*Admitted Pro Hac Vice*)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGER G. CRANE, JR., <br><br> Plaintiff, <br><br> v. <br><br> POETIC PRODUCTS LIMITED, <br><br> Defendant. <br><br> POETIC PRODUCTS LIMITED, <br><br> Counterclaimant, <br><br> v. <br><br> ROGER G. CRANE, JR., <br><br> Counterclaimant Defendant. | Case No.: 07 Civ. 7063 (BSJ)(FM) |

## DEFENDANT-COUNTERCLAIMANT, POETIC PRODUCTS LIMITED'S, RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT AND STATEMENT OF ADDITIONAL MATERIAL FACTS TO WHICH THERE IS A GENUINE ISSUE

Pursuant to Local Civil Rule 56.1(b), defendant-counterclaimant Poetic Products Limited's ("PPL"), by and through its undersigned counsel, hereby respectfully submits the following response to the Local Civil Rule 56.1(a) Statement submitted by plaintiff-

counterclaimant defendant Roger G. Crane, Jr. ("Crane"), and further submits the following statement of additional material facts to which there exists a genuine issue.

## RESPONSE TO CRANE'S LOCAL CIVIL RULE 56.1(a) STATEMENT

1. Admitted.

2. Admitted that the face of the certificates of registration for *The Last Confession*, Registration No. TX-4-640-311 and Registration No. Pau-2-801-288 indicate the copyrights were issued to Crane. The Copyright Registration shall speak for itself. [Complaint, Exhs. A and B]

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that the parties were involved in pre-suit communications in the UK with respect to PPL's UK copyright and as required by UK procedure. [Declaration of Jonathan Haydn-Williams, Exhs. A and B]

8. Admitted.

9. Admitted that the quotations in Exhibit 3 to the Duvdevani Declaration appears to be accurate quotations from the cited works. The cited works shall speak for themselves. [*In God's Name*, *The Last Confession*].

## PPL'S LOCAL CIVIL RULE 56.1(b) STATEMENT OF ADDITIONAL MATERIAL FACTS TO WHICH THERE EXISTS A GENUINE ISSUE

1. There is a genuine issue of material fact as to whether Crane infringed PPL's copyright in the U.S. [Declaration of David Yallop, including the exhibits attached thereto;

Complaint, ¶¶ 3-4, 13-19; Answer, ¶¶ 3-4, 13-19; Counterclaim, ¶¶ 11-19; Answer to Counterclaim, ¶¶ 11-19]

2. There is a genuine issue of material fact as to the parties' defenses to their respective claims of infringement or non-infringement under U.S. law. [Answer; Answer to Counterclaim]

3. There is a genuine issue and dispute whether PPL Has submitted to the jurisdiction of this Court any dispute regarding PPL's UK copyright claims and whether Crane's actions in the UK violated same, at a minimum, for purposes of summary resolution; and assuming, *arguendo*, the Court has subject matter jurisdiction to decide UK copyright law, there is a genuine issue of material fact as to whether Crane infringed PPL's copyright in the UK, including any defenses thereto, and whether this Court may summarily rule on those issues. [Declaration of David Yallop, including the exhibits attached thereto; Declaration of Robert Michael Englehart QC, and the exhibits attached thereto]

Dated: New York, New York
       May 7, 2008

                                    Respectfully submitted,

                                    HOLLAND & KNIGHT LLP
                                    By: _____
                                        Tamara Carmichael
                                        Christelette A. Hoey
                                        Joshua Krumholz (*Admitted Pro Hac Vice*)
                                    195 Broadway
                                    New York, New York 10007
                                    (212) 513-3200

                                    *Counsel for Defendant-Counterclaimant*
                                    *Poetic Products Limited*

3